UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-mj-02992-Sanchez

UNITED STATES OF AMERICA

v.

JUAN GABRIEL REYES,
     Defendant.

_____/

FILED BY_____AR_____D.C.

**Jun 1, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3.  Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

5.  Did this matter involve the participation of or consultation with Magistrate Judge Yeney Herandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  s/Daniel J. Olinghouse
    Daniel J. Olinghouse
    Assistant United States Attorney
    U.S.D.C. No. A5503500
    99 NE 4th Street
    Miami, Florida 33132
    Tel: 305-961-9168
    Daniel.Olinghouse2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.   26-mj-02992-Sanchez |
| **Juan Gabriel Reyes** | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 31, 2026___ in the county of ___Miami-Dade___ in the ___Southern___ District of ___Florida___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46504 | Interference with flight crew members and attendants |
| 18 U.S.C. § 113(a)(5) | Assault within maritime and territorial jurisdiction |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_Timothy Silliman_
_Complainant's signature_

TFO Timothy Silliman, FBI
_Printed name and title_

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime.

Date: **June 1, 2026**

_Edward Sanchez_
_Judge's signature_

City and state: ___Miami, Florida___

Honorable Eduardo I. Sanchez United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Your Affiant, Timothy Silliman, being duly sworn, state the following as true and accurate to the best of my knowledge and belief:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Federal Air Marshal with the Transportation Security Administration (TSA) and have been so employed since 2017. For approximately 9 years, I served as a deployed air marshal on both domestic and international flights. Since July of 2024, I have been assigned to Miami International Airport as a Task Force Officer with the Federal Bureau of Investigation's Joint Terrorism Task Force. My duties include the investigation of violations of federal law occurring within the airport environment and onboard aircraft. I am a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations into and make arrests for violations of federal law.

2.      This Affidavit is being presented for the limited purpose of establishing probable cause in support of the arrest of JUAN GABRIEL REYES (hereinafter REYES) for interference with flight crew members and attendants in violation of Title 49, United States Code, Section 46504 and assault within maritime and territorial jurisdiction in violation of Title 18, United States Code, Section 113(a)(5). It does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation.

## BACKGROUND

3.      On or about May 31, 2026, REYES was a passenger on Frontier Airlines flight F93345, from San Juan, Puerto Rico, to Chicago, Illinois.  REYES and the Victim (a 33-year-old male passenger), who did not know each other, were seated in separate areas on the plane.

4.      Approximately 45 minutes into the flight, Witness 1, who was working as the lead flight attendant, was conducting her flight attendant duties when Witness 1 observed REYES walk up to the front of the plane and make physical contact with the emergency exit door, in what appeared to be an attempt to open it.  Witness 1 stated she heard REYES say he wanted to get off of the plane.  Witness 1 instructed REYES to not touch the emergency exit door.  Witness 1 observed REYES walk up to the flight deck door and make physical contact with the flight deck door, in what appeared to be an attempt to open it.  Witness 1 was forced to stop her flight attendant duties in order to get REYES to return to his seat.  Witness 1 observed REYES return to a seat that was not assigned to him.

5.      Witness 1 informed Witness 2, a flight attendant working in the back of the plane, that REYES had tried to open the emergency exit door and the flight deck door.  Witness 2 observed REYES walk to the back of the plane and sit in a seat that was not assigned to him.  Witness 2 noticed the Victim was seated in a seat across the aisle from REYES.  The Victim reached across the aisle to retrieve his personal items.  As the Victim was reaching across the aisle Witness 2 observed REYES lunge on top of the Victim.  Passengers were able to remove REYES from the victim.  Witness 2 was forced to stop her flight attendant duties in order to assist other passengers in restraining REYES with flex cuffs and seatbelt extenders.  Witness 2 observed REYES break free from his flex cuffs multiple times.

2

6. Witness 3, a passenger seated towards the front of the plane, observed REYES walk to the front of the plane, attempt to open the emergency exit door and ram his shoulder into the flight deck door. Witness 3 stated REYES ignored multiple flight attendant commands for REYES to return to his seat.

7. Witness 4, a passenger seated in the rear of the plane, observed REYES on top of the Victim and saw REYES choke the Victim. Witness 4 along with other passengers were able to remove REYES from the Victim and restrain REYES using flex cuffs and seatbelt extenders. Witness 4 watched REYES break free from his flex cuffs approximately three to four times. Witness 4 was forced to physically restrain REYES in order to prevent him from breaking free of his flex cuffs.

8. The Victim, who is an off-duty flight attendant, was informed by flight attendants that REYES attempted to open the flight deck door. The Victim offered to move seats and sit near REYES. When the Vitim was leaning over the aisle to get his personal items, REYES got on top of the Victim, REYES grabbed the Victim by the head and choked him. Nearby passengers were able to get REYES to stop choking the Victim and restrain REYES using flex cuffs. The Victim observed REYES break free from his flex cuffs multiple times.

9. Due to REYES causing a flight disturbance and failing to follow flight attendant instructions, Frontier flight F93345 was diverted to Miami, Florida. Special Agent Peter Ganzert and Task Force Officer Timothy Silliman attempted to conduct a recorded interview of REYES, however, REYES did not want to speak without a lawyer present and the interview was concluded.

## CONCLUSION

10. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about May 31, 2026, REYES committed the act of interference with flight crew

3

members and attendants in violation of Title 49, United States Code, Section 46504 and assault within maritime and territorial jurisdiction in violation of Title 18, United States Code, Section 113(a)(5).

FURTHER AFFIANT SAYETH NAUGHT.

TIMOTHY SELLIMAN, TASK FORCE OFFICER
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to before me via
FaceTime this 1st day of June, 2026.

HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

4